UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **WILLIAM L. WHITEFIELD,** ) | |
| ) | |
| **Petitioner,** ) | |
| v. ) | **Case No. 06-CV-2053** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**OPINION**

On March 17, 2006, Petitioner, William L. Whitefield, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) with an attached affidavit and Memorandum of Law. In his Motion, Petitioner claimed that the Government breached the plea agreement and his counsel provided ineffective assistance. Both of these claims are based upon Petitioner's assertion that two counts which were dismissed based upon the plea agreement were improperly used to enhance his sentence.

On April 11, 2006, the Government filed its Response to Petitioner's Motion (#3). The Government argued that Petitioner's Motion should be dismissed because Petitioner waived his right to pursue such relief during his plea of guilty. On May 24, 2006, Petitioner filed a Reply to the Government's Response (#5).

This court has carefully reviewed the record in this case and the arguments of the parties. Following this careful and thorough review, this court agrees with the Government that Petitioner waived his right to pursue relief under 28 U.S.C. § 2255. Therefore, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) is dismissed.

## FACTS

On January 21, 2004, Petitioner was charged, with his co-defendant Michael W. Hembree, in an eight-count indictment with four counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and four counts of using a firearm during each of the bank robberies in violation of 18 U.S.C. § 924(c). On November 2, 2004, Petitioner entered a guilty plea pursuant to a written plea agreement. Petitioner pleaded guilty to all four robbery counts and to two of the § 924(c) counts. The Government agreed to dismiss two of the § 924(c) counts, agreed that Petitioner should receive a sentence reduction for acceptance of responsibility, and provided Petitioner with the opportunity to cooperate with the Government and potentially receive a downward departure for substantial assistance. In exchange for these and other concessions, Petitioner waived his right to appeal and his right to collaterally attack his sentence.

At the guilty plea hearing, this court carefully and thoroughly advised Petitioner of all the rights he was giving up by pleading guilty. The prosecutor, Richard N. Cox, stated that, under the statute, the maximum possible sentence for each of the four counts of bank robbery was 25 years imprisonment and that these sentences could be concurrent. However, Mr. Cox explained that the first conviction of using or carrying a firearm during a violent crime required a minimum sentence of seven years, which had to be consecutive to any other sentence. In addition, Mr. Cox explained that the second conviction for this offense required a sentence of not less than 25 years, which also had to be consecutive to any other sentence. Mr. Cox stated, "[s]o for the two counts of using or carrying a firearm during a violent crime, it's a minimum of 32 years." Mr. Cox later, in an exchange with this court, again stated that, "with regard to the two firearms counts, whatever sentence you give cannot be less than 32 years." Petitioner's counsel, Baku Patel, then indicated his agreement that the sentences to be imposed were statutorily consecutive. Upon questioning by this court, Petitioner then

stated that he understood that it was "the firearm counts that are causing a large statutory penalty and a consecutive statutory penalty," which this court had no control over because "Congress made that law." This court again explained that "[t]his is not the guideline, but this is the statute." Petitioner stated that he understood he was facing "a very, very severe penalty."

This court further explained that the "only way to get less than 32 years is [if the Government makes] the motion for downward departure and then ask[s] the Court under 3553(e) to go below the mandatory minimum consecutive nature of 32 years." This court stated, "[i]f they don't do it, there's nothing I can do to give you a sentence of anything less than 32 years." Petitioner stated that he understood that, and understood it was a big risk he was taking, not knowing what the Government would do in the future. Petitioner stated that, knowing that uncertainty, he wanted to proceed with his guilty plea.

This court then thoroughly discussed the waiver of appeal rights included in the plea agreement. This court also stated, "[d]o you understand that you're also giving up a right to come in later and attack the conviction and sentence so that if there was any question about it being final, it's final." Petitioner responded, "Yes, Your Honor." The following exchange then occurred between the court and Petitioner:

> Q   And you have entered in this agreement waiving that statutory right to appeal and statutory right to come in and collaterally attack because you believe it is in your best interest to obtain the benefit of the concession of cooperation because if you didn't do that, you would face an automatic mandatory minimum 32 years. So you believe it's in your best interests to waive your right to appeal and collaterally attack and enter into the cooperation agreement, hoping that the

> United States will make a 5K1.1 motion for downward departure and a motion below that 32-year mandatory minimum consecutive nature.
>
> Is that correct?
>
> A   Yes, Your Honor.

Mr. Cox then provided a factual basis for the guilty plea and recounted the factual details of the four bank robberies committed by Defendant Hembree and Petitioner. These facts showed that the robberies occurred in small town banks. Defendant Hembree had a gun during all four of the robberies and threatened people who were in the banks. In addition, during the first three bank robberies, Defendant Hembree sprayed pepper spray or mace in the face of most of the persons who were located in the bank at the time of the robbery. Petitioner agreed with the factual basis provided by Mr. Cox. This court then accepted Petitioner's guilty plea, and set the case for a sentencing hearing.

Petitioner's sentencing hearing was held on May 3, 2005. At the beginning of the hearing, Mr. Cox stated that the Government was dismissing two of the firearms counts, Counts 6 and 8 of the indictment, pursuant to the plea agreement. This court granted the Government's request to dismiss those two counts and proceeded to sentencing on the six counts Petitioner was convicted of following his guilty plea. The Government stated that it had no objections to the presentence investigation report (PSR). Petitioner's counsel withdrew the only remaining objection raised on behalf of Petitioner. Petitioner, during questioning by this court, stated that he agreed with the decision to withdraw the objection and further stated that he had no objections to the PSR that he wished to raise on his own behalf. After discussing the terrible nature of the crimes committed by Petitioner and Defendant Hembree, the Government stated that Petitioner was prepared to testify at Defendant Hembree's trial and would have been a credible, valuable witness. Petitioner's testimony was not

necessary, however, because Defendant Hembree decided to plead guilty to all eight counts against him shortly after his trial began. The Government informed the court that, based upon Petitioner's cooperation, it was making a motion for a downward departure pursuant to § 5K1.1 and § 3553(e).

The Government then stated that, based upon the PSR, the sentencing guideline range was 108-135 months for the four armed bank robbery counts. In addition, the PSR noted that the statute required a minimum consecutive sentence of seven years, 84 months, for the first firearms conviction and a minimum consecutive sentence of 25 years, 300 months, for the second firearms conviction. Therefore, according to the PSR, Petitioner faced a minimum term of 492 months of imprisonment. The Government noted that, because of the motion pursuant to § 3553(e), this court could decide not to impose the mandatory minimum sentences required by the statute. However, the Government did not recommend that reduction because of the serious nature of the offenses. The Government recommended a 20% reduction for Petitioner's cooperation and assistance and recommended a sentence of 393 months. Petitioner's counsel argued that Petitioner should be given a 50% reduction for his cooperation and recommended a sentence of 192 months.

This court granted the Government's motion for a downward departure pursuant to § 5K1.1 and § 3553(e). This court then agreed with the Government that 393 months was the appropriate sentence based upon the seriousness of the offenses. The sentence was apportioned as follows: Petitioner was sentenced to concurrent terms of nine months imprisonment on each of the four armed robbery counts; to a consecutive mandatory minimum term of 84 months (seven years) on one of the § 924(c) counts; and to a consecutive mandatory minimum term of 300 months (25 years) on the

second § 924(c) count.[1]  Petitioner did not file an appeal from his conviction and sentence.

## ANALYSIS

As noted, on March 17, 2006, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) with supporting attachments.  On April 11, 2006, the Government filed its Response (#3).  The Government argues that Petitioner waived his right to file a motion under 28 U.S.C. § 2255 and this waiver bars the motion he filed in this court.   This court agrees with the Government.

The written plea agreement Petitioner signed stated, in pertinent part:

> 9.  The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/ or sentence was otherwise subject to collateral attack.  The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255.  The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and

---

[1] This court notes that Petitioner's co-defendant, Defendant Hembree, pleaded guilty to all eight counts of the indictment and is facing a <u>minimum</u> sentence of 82 years because of the minimum consecutive sentences required by statute for his four § 924(c) convictions.  Therefore, the record shows that Petitioner received a great benefit from the plea agreement negotiated on his behalf by his counsel.

> voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

The Defendant signed the plea agreement under a paragraph which stated:

> 27. I have read this entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand this Agreement, and I agree to it voluntarily and of my own free will. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this Agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else,

and no agreements have been reached, expressed or implied, to influence me to plead guilty other than those stated in this written Plea Agreement. I am satisfied with the legal services provided by my attorney. I understand that by signing below I am stating I agree with everything stated in this paragraph, and I am accepting and entering into this Plea Agreement.

As previously discussed, this court carefully discussed these provisions with Petitioner at the guilty plea hearing and determined that Petitioner understood the rights he was waiving and did so knowingly and voluntarily. Accordingly, a review of the record in this case demonstrates that it is replete with evidence that Petitioner knowingly and voluntarily entered into the plea agreement and waived his right to appeal and to file a collateral attack. See United States v. House, 2006 WL 374116, at *4 (C.D. Ill. 2006); United States v. Lane, 2005 WL 2304754, at *2-3 (N.D. Ind. 2005).

The Seventh Circuit has recently noted that it strictly enforces waivers of the right to challenge a sentence included in the plea agreement. See United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005), cert denied, 126 S. Ct. 1021 (2006); see also United States v. Bownes, 405 F.3d 634, 636 (7th Cir. 2005), cert. denied, 126 S. Ct. 320 (2005). In the Seventh Circuit, a defendant who, as part of a written plea agreement, expressly waives the right to file a § 2255 motion challenging his sentence may only file such a motion if he can demonstrate that the § 2255 waiver was either unknowing or involuntary or the result of the ineffective assistance of counsel. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999); United States v. Kennedy, 2004 WL 2403806, at *1 (N.D. Ill. 2004); United States v. Schaffer, 2002 WL 31748619, at *1 (N.D. Ill. 2002). "[T]he right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the

waiver." Jones, 167 F.3d at 1145; see also Reed v. United States, 2005 WL 1528371, at *2 (N.D. Ill. 2005). In this case, Petitioner has not raised any claims related directly to the waiver or its negotiation. See Schaffer, 2002 WL 31748619, at *1.

Instead, Petitioner has argued that the Government breached the plea agreement and his counsel provided ineffective assistance because his sentence was improperly enhanced based upon the two dismissed firearms counts.[2] While Petitioner claims that his guilty plea was therefore not voluntary and is void, he is not seeking to withdraw his guilty plea but is asking that this court resentence him. This court concludes that Petitioner's claims are clearly barred by the waiver in the written plea agreement.

As noted, Petitioner has not raised any claims related to the negotiation of the waiver. Accordingly, Petitioner's motion under § 2255 is barred by his waiver and must be dismissed. See Kennedy, 2004 WL 2403806, at *2; Schaffer, 2002 WL 31748619, at *1. This court notes that the Seventh Circuit recently stated that "[w]e have never been reluctant to hold criminal defendants to their promises." Roberts v. United States, 429 F.3d 723, 724 (7th Cir. 2005). Here, as in Roberts, "[t]here is no question that [Petitioner's] waiver encompasses the claims presented in the § 2255 motion." See Roberts, 429 F.3d at 724.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) is dismissed as barred by the waiver included in his written plea agreement.

(2) This case is terminated.

---

[2] This court notes that Petitioner's argument that the Government breached the agreement is based upon his alleged belief regarding what the agreement meant, which he claims is based upon statements made by his counsel. His argument is not based upon any contention that the Government failed to comply with any of the terms of the written plea agreement.

ENTERED this 2nd day of August , 2006.


s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE