UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **WILLIAM L. WHITEFIELD,** ) | |
| ) | |
| **Petitioner,** ) | |
| v. ) | Case No. 06-CV-2053 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## OPINION

On August 2, 2006, this court entered an Opinion (#6) and dismissed the Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) filed by Petitioner, William L. Whitefield.  This court agreed with the Government that Petitioner waived his right to pursue relief under 28 U.S.C. § 2255.

On August 24, 2006, Petitioner filed a Notice of Appeal (#8), a Motion for Leave to Appeal in Forma Pauperis (#9) and a Motion for Certificate of Appealability (#10).

### MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS

In support of his Motion, Petitioner has completed an affidavit and has attached the required trust fund ledger for the past six months.  Based upon the information provided, Petitioner's Motion for Leave to Appeal in Forma Pauperis (#9) is GRANTED.

### CERTIFICATE OF APPEALABILITY

In his seven-page Motion for Certificate of Appealability, Petitioner argues that he has made a substantial showing of the denial of his constitutional right to the effective assistance of counsel. This court does not agree.

A petitioner must obtain a certificate of appealability (COA) in order to appeal a final order

denying a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2253(c)(1)(B). A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000), the Supreme Court set forth the methodology to be used in evaluating a request for a COA. <u>Irorere v. United States</u>, 2002 WL 31688817, at *1 (N.D. Ill. 2002). Where, as here, a district court has rejected a petitioner's claims "on procedural grounds without reaching the prisoner's underlying constitutional claim[s], a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484.

In this case, following a review of the record, this court finds that jurists of reason would not find it debatable whether the petition states a valid claim of the denial of a constitutional right. This court further concludes that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling that Petitioner waived his right to pursue relief under 28 U.S.C. § 2255.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion for Leave to Appeal in Forma Pauperis (#9) is GRANTED.

(2) Petitioner's Motion for a Certificate of Appealability (#10) is DENIED.

ENTERED this 25th day of August, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE