UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| WILLIAM WHITEFIELD, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 06-CV-2053 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

On July 5, 2011, Petitioner, William Whitefield, filed a pro se Motion to Vacate Judgment Pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure (#33). Petitioner also filed a Petition for Leave to Proceed in Forma Pauperis (#34). For the reasons that follow, this court concludes that it lacks jurisdiction to consider Petitioner's Motion to Vacate. Accordingly, the Motion to Vacate (#33) is dismissed for lack of jurisdiction. The Petition for Leave to Proceed in Forma Pauperis (#34) is therefore moot.

BACKGROUND

1. CRIMINAL CASE, CASE NO. 04-CR-20003

On January 21, 2004, Petitioner was charged, with his co-defendant Michael W. Hembree, with four counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and four counts of using a firearm during each of the bank robberies in violation of 18 U.S.C. § 924(c). On November 2, 2004, Petitioner entered a guilty plea pursuant to a written plea agreement. Petitioner pleaded guilty to all four robbery counts and to two of the firearm counts. The Government agreed to dismiss two of the firearm counts, agreed that Petitioner should receive a sentence reduction for acceptance of responsibility, and provided Petitioner with the opportunity to cooperate with the Government and potentially receive a downward departure for substantial assistance. In exchange

for these and other concessions, Petitioner waived his right to appeal and his right to collaterally attack his sentence. On May 3, 2005, this court sentenced Petitioner to a term of 393 months in the Federal Bureau of Prisons. Consistent with his plea agreement, Petitioner did not file a Notice of Appeal.

## 2. CIVIL CASE

On March 17, 2006, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) in this case. On August 2, 2006, this court entered an Opinion (#6) which dismissed Petitioner's Motion as barred by the waiver included in his written plea agreement. Petitioner appealed and, on February 9, 2007, the Seventh Circuit Court of Appeals denied Petitioner's request for a certificate of appealability.

On June 8, 2009, Petitioner filed a pro se Motion for Appointment of Counsel and for Re-instatement of Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#21). Petitioner asked this court to appoint counsel so that he could raise an ineffective assistance of counsel argument and re-instate his § 2255 motion. On June 16, 2009, this court entered an Opinion (#22) and dismissed Petitioner's pro se Motion. This court concluded that the Motion had to be considered an attempt to file a second Motion under § 2255. This court further concluded that, because Petitioner did not receive authorization from the Seventh Circuit Court of Appeals before commencing his successive § 2255 motion, this court was without jurisdiction and had no option other than to dismiss the motion. Petitioner filed a Notice of Appeal (#25). On November 10, 2009, the Seventh Circuit entered an Order and stated that this court correctly determined that it lacked jurisdiction over the case. The Seventh Circuit also denied Petitioner's request for a certificate of appealability, finding that Petitioner failed to make a substantial showing to the denial of a constitutional right.

ANALYSIS

On July 5, 2011, Petitioner sent a pro se document to the court entitled Motion to Vacate Judgment Pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure (#33). Petitioner only included the case number for his criminal case on the Motion. However, the Federal Rules of Civil Procedure do not apply in a criminal case. See United States v. Kollintzas, 501 F.3d 796, 800 (7th Cir. 2007); United States v. Carraway, 478 F.3d 845, 848 n.2 (7th Cir. 2007). Therefore, Petitioner's Motion was filed in his civil case.

In his lengthy Motion (#33), Petitioner argued that the judgment entered in his criminal case must be vacated because it violated due process and was therefore void. Petitioner argued this was the case because: (1) he is entitled to a retroactive reduction in his sentence due to an amendment to the sentencing guidelines; (2) he is actually innocent of the offense of using a firearm in the commission of a crime; (3) he will be denied due process if this court does not review his case and apply the amended sentencing guidelines; and (4) he is actually innocent of the sentencing enhancements applied to him at sentencing. This court concludes that this attack on Petitioner's conviction and sentence, although stated to be brought under Rule 60(b)(4) of the Federal Rules of Civil Procedure, can only be considered a Motion under § 2255. See Carraway, 478 F.3d at 848 (a post-judgment motion that fits the description of a motion to vacate, set aside, or correct sentence should be treated as a § 2255 motion); see also Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) (petition brought under Rule 60(b) which includes claims challenging judgment of conviction must be treated as successive habeas petition).

Because this is a § 2255 motion, this court cannot consider it because Petitioner cannot move under § 2255 without leave of the Court of Appeals. See United States v. Hodges, 2010 WL 1997887, at *3 (S.D. Ill. 2010). The statute provides that a second or successive Motion under §

2255 must be certified by the Court of Appeals. 28 U.S.C. § 2255(h). The Seventh Circuit has made clear that a "district court *must* dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original); see also Lambert v. Davis, 449 F.3d 774, 777 (7th Cir. 2006). "Unless and until the movant seeks and obtains permission from the court of appeals to file such a motion, the district court is without jurisdiction to entertain his request." Carraway, 478 F.3d at 849. Because Petitioner has not sought or obtained authorization from the Court of Appeals, this court has "no option other than to dismiss his motion." See Carraway, 478 F.3d at 849; Hodges, 2010 WL 1997887, at *3.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's pro se Motion to Vacate Judgment Pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure (#33), which must be considered a Motion under § 2255 to Vacate, Set Aside or Correct Sentence, is dismissed for lack of jurisdiction.

(2) Petitioner's Petition for Leave to Proceed in Forma Pauperis (#34) is MOOT.

ENTERED this 7th day of July, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE